*192 Saturday, March 26. The Judges delivered their opinions.
Judge Tucker.
One Joseph Tribble, by an instrument under his hand and seal, .acknowledged himself to have bargained and sold to John McDonald, the appellee, a tract of land containing 800 acres, lying on the head of Buffalos Creek, in Logan County, Kentucky, for which he acknowledged to have received two hundred dollars. There is no further description of the land. McDonald aftei'wards, by an indorsement, assigned that instrument, (which he calls an Obligation,) with the benefits arising therefrom to the appellant, being for value received from him without recourse. Tribble, at the time of the bargain with MiDonald, delivered him a patent purporting, to be a grant to one Joseph Brock for the same quantity of land on the head of Buffuloe Lick Creek; but neither shewed nor delivered any conveyance from Brock to Tribble, or any agreement respecting it. This patent was delivered at the time of the assignment by M1-Donald to Crawford, who at the same time executed two notes to MLDonald for 200 dollars each, as the price of the land. On these, suits have been brought and judgments obtained at law. The appellant obtained an injunction to the judgments, on tbe ground that the patent was a forgery. McDonald denies his knowledge that it was so, as also all fraud; and insists that Crawford took the agreement without recourse to him in any event.
It is obvious, from this state of the case, that McDonald did not receive from Tribble or shew Crawford any title or claim whatsoever to the lands mentioned in the pretended patent; the forgery of the patent was therefore a remote question:' the taking MíDonaW s assignment of Tribble’s agreement without recourse, shews he was' to run all hazards as to the title to die lands. I therefore think the decree dismissing his bill ought to be affirmed.
*193 judges Roane and Fleming were also in favour of affirming the decree.
By the whole Court, (absent Judge Lyons,) the decree of the Superior Court of Chancery aitiemek.